IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Civil No. **PJM 20-1482** |
| | * | Crim. No. **PJM 12-0483** |
| **GEROD SIMMONS,** | * | |
| | * | |
| Petitioner-Defendant. | * | |
| | * | |

**MEMORANDUM OPINION**

Gerod Simmons has filed a Motion to Vacate Judgment Under 28 U.S.C. § 2255 (ECF No. 93). For the reasons that follow, the Court **DENIES** the Motion.

## I. Background

On September 1, 2012, Gerod Simmons was a passenger in a Toyota Camry registered to his mother. ECF No. 62-1. Police stopped the vehicle for speeding and following too closely and asked Simmons to exit the vehicle. ECF No. 23. During the stop, police saw open bottles of liquor in the vehicle, then searched the interior of the vehicle, finding a loaded .40 caliber Smith and Wesson underneath the front seat where Simmons was sitting. ECF Nos. 23, 62-1. The firearm was purchased by another individual (Co-Defendant Canyon Nelson), was not manufactured in Maryland, and traveled in interstate commerce. *Id.* Prior to September 1, 2012, Simmons had been convicted of multiple offenses punishable by more than one year imprisonment and his civil rights had not been restored. *Id.* Simmons was arrested and charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). ECF Nos. 1, 8.

Subsequent to his arrest, Simmons made a number of telephone calls to Nelson. ECF No. 62-1. During a phone call on September 7, 2012, Simmons asked Nelson to say that she had placed the gun under his seat in the car without his knowledge, suggesting that such a statement might

1

clear him of legal responsibility. *Id.* In addition, Simmons sent letters to Nelson's home, asking her to tell his lawyer that she would testify on his behalf. In the letters, he provided Nelson with a story regarding the firearm to use in her testimony.

Later in 2012, a grand jury of the United States District Court for the District of Maryland was conducting an investigation into the events before and after Simmons's arrest on September 1, 2012. *Id.* On or about November 7, 2012, Nelson falsely testified before the grand jury using the story that Simmons had provided to her. *Id.*

On March 13, 2013, Simmons was charged in a two-count superseding indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and with witness tampering, in violation of 18 U.S.C. §§ 2 and 1512(b)(1). ECF No. 27. On August 15, 2013, he pleaded guilty to both offenses in the Superseding Indictment pursuant to a plea agreement. ECF Nos. 60, 62, 63. On December 17, 2013, Simmons was sentenced to 120 months imprisonment as to Count 1 followed by 3 years of supervised release and 125 motions' imprisonment as to Count 2 (to run concurrent to the sentence imposed as to Count 1) followed by 3 years supervised release (to run concurrent to the term of supervised release imposed as to Count 1). ECF No. 83.

On June 10, 2020, Simmons, through counsel, filed the pending Motion to Vacate under 28 U.S.C. § 2255 pursuant to the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Following the Supreme Court's subsequent decision in *Greer v. United States*, 141 S. Ct. 2090 (2021), Simmons's attorneys requested to withdraw as counsel. ECF No. 95. Counsel report that correspondence was sent to Simmons asking if he wanted to voluntarily withdraw his § 2255 petition. To date, Simmons has not responded to counsel's correspondence or counsel's motion to withdraw. The Court granted counsel's Motion to Withdraw on April 12, 2022 and

2

Simmons proceeds without counsel in accordance with Local Rule 101.2.a. ECF No. 98. The Court now considers the Motion to Vacate Judgment.

## II. Legal Standard

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v. Farley*, 512 U.S. 339 (1994).

## III. Discussion

In his Motion, Simmons argues that the *Rehaif* error in his case warrants vacatur of his sentence. He asserts that his guilty plea should be voided because the Court accepted it without advising him of the element requiring knowledge of his prohibited status under § 922(g). Since he was not advised of that element, the plea was not knowingly and voluntarily made, resulting in a structural error mandating vacatur.

In *Rehaif v. United States*, the Supreme Court clarified the *mens rea* requirement for firearm-possession offense under 18 U.S.C. § 922(g), holding that "in a prosecution under 18

3

U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2195 (2019).

In a pair of consolidated cases, the Supreme Court addressed the standard of review for appeals brought under *Rehaif*. In *United States v. Gary*, Gary was arrested, charged, and pled guilty to two counts of being a felon in possession of a firearm and ammunition in violation of § 922(g). 954 F.3d 194, 199 (4th Cir. 2020), *rev'd sub nom. Greer v. United States*, 141 S. Ct. 2090 (2021). Gary was not advised during his Rule 11 plea colloquy that, if he went to trial, the Government would have been required to prove that he knew he was a felon at the time of possession. *Id.* Gary appealed based on *Rehaif*, and the Fourth Circuit found that the failure to inform Gary of the knowledge element was plain error. *Id.* at 202. The court also held that these "*Rehaif* errors" are structural and require vacatur per se. *Id.* at 202–05.

In *Greer v. United States*, Greer was arrested, charged, and found guilty by a jury of being a felon in possession of a firearm. 798 Fed. App'x 483, 484–85 (11th Cir. 2020), *aff'd*, 141 S. Ct. 2090 (2021). During his trial, the district court did not instruct the jury that knowledge was an essential element of the offense. *Id.* at 486. Greer moved for a new trial based on the jury instruction. The Eleventh Circuit, applying plain-error review, rejected his argument. *Id.*

The Supreme Court consolidated *Gary* and *Greer* in *Greer v. United States*, 141 S. Ct. 2090 (2021), holding that a *Rehaif* error is not a basis for plain-error relief "unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." 141 S. Ct. at 2093. The Court observed that in a felon felon-in-possession case "the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not

4

know he was a felon." *Id.* at 2097. The Court added, *id.*: "The reason is simple: If a person is a felon, he ordinarily knows he is a felon." The Court ruled that "a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100.

In his Motion, Simmons relies on the Supreme Court's holding in *Rehaif* that knowledge of one's status as a felon is a required element under § 922(g)(1). Given the Supreme Court's later clarifications in *Greer*, this Court must now consider whether Simmons's claim of error satisfies the standard tests of procedural default and plain-error review. The Court finds that it does not.

### A.     *Procedural Default*

Procedural default bars consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant show[s] cause and actual prejudice resulting from the errors of which he complains." *Johnson v. United States*, No. CR RDB-10-703, 2022 WL 684132, at *2 (D. Md. Mar. 8, 2022) (citations omitted). To overcome procedural default on a motion under § 2255, a defendant must demonstrate both "cause" excusing the lack of direct challenge and "actual prejudice" resulting from the error being challenged. *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994) (citing *Frady*, 456 U.S. at 167–68 (1982)). To show "cause," the defendant must "show that some objective factor external to the defense" prevented raising the defaulted claim on direct review. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Actual prejudice" from a plea colloquy error requires a "reasonable probability that, but for the error, [the defendant] would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).

Here, there is no question that Simmons has demonstrated cause for failing to raise his claim on direct appeal since *Rehaif* was not decided until after the Fourth Circuit had already affirmed his conviction and sentence. *Johnson*, No. CR RDB-10-703, 2022 WL 684132, at *2 (citing *United States v. Dempster*, No. CV PJM 20-1424, 2022 WL 486791, at *3 (D. Md. Feb. 17, 2022)).

Nonetheless, Simmons has failed to demonstrate actual prejudice. To demonstrate actual prejudice, he would need to show that, if the Court "had correctly advised him of the *mens rea* element of his offense, there is a reasonable probability that he would not have pled guilty." *Greer*, 141 S. Ct. at 2097 (internal quotation marks omitted). In assessing that probability, the Court presumes that Simmons was aware of his status as felon. *See id.* (reasoning that "[i]f a person is a felon, he ordinarily knows he is a felon"). Simmons has not provided evidence that would tend to show he was unaware of his felon status at the time he possessed his firearm. *See, e.g., United States v. Crawley*, No. CR JPJ 15-001, 2021 WL 2910724, at *3 (W.D. Va. July 12, 2021) (finding no actual prejudice from a *Rehaif* error where defendant failed to provide evidence negating knowledge of his status as a felon); *Rios v. United States*, No. CR FL 17-139-1, 2022 WL 256486, at *2 (E.D.N.C. Jan. 26, 2022) (same). Furthermore, given Simmons's criminal history, which includes at least four felony drug convictions, he cannot demonstrate a reasonable probability that he would not have entered a guilty plea had he been informed about the Government's burden to prove the knowledge element. Accordingly, Simmons's claim is barred by procedural default.

### B.  *Plain Error*

In any event, Simmons's claim would still fail on plain-error review. Under *Greer*, a *Rehaif* error is a plain error that satisfies the first two prongs of the plain-error test. 141 S. Ct. at 2097, 2100. To demonstrate plain error, a defendant must show that: "(1) there was error; (2) the error

6

was plain; and (3) the error affected their substantial rights." *United States v. Simmons*, 11 F.4th 239, 263 (4th Cir. 2021). For the third prong—which asks whether a plain error affected a defendant's substantial rights—*Greer* requires Simmons to show that but-for the *Rehaif* error, he would have gone to trial and presented evidence that he did not have knowledge of his status as a felon. 141 S. Ct. at 2098. As discussed previously, Simmons has not provided any evidence indicating that he would have gone to trial and mounted a *mens rea* defense but-for the *Rehaif* error, so his claim does not warrant vacatur. Even if he had provided such evidence, Simmons has failed to demonstrate that the *Rehaif* error in his case "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 2097 (citing *Rosales-Mirales v. United States*, 138 S. Ct. 1897, 1904–05 (2018)). Thus, even if Simmons's claim were not barred by procedural default, he would still not be entitled to vacatur under plain-error review.

## IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court is required to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has considered the record and finds that Simmons has not made the requisite showing.

V.  Conclusion

For the foregoing reasons, Simmons's Motion to Vacate (ECF No. 93) is **DENIED**, and the Court **DENIES** a certificate of appealability.

A separate order will **ISSUE**.

Date: April 13, 2022

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE